IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. BUESGENS,<br><br>    Plaintiff,<br><br>  v.<br><br>BEVERLY HART, et al.,<br><br>    Defendants<br>                                    / | No. C-08-5710 MMC<br><br>**ORDER DENYING PLAINTIFF'S PENDING MOTIONS AND REQUESTS; DIRECTIONS TO CLERK; STAYING ACTION PENDING FINAL DETERMINATION OF APPEAL; VACATING CASE MANAGEMENT CONFERENCE** |

      On December 22, 2008, plaintiff filed the instant complaint and an application to proceed in forma pauperis. By order filed December 30, 2008, the Court denied plaintiff's application to proceed in forma pauperis. Thereafter, on January 16, 2009, plaintiff filed a notice of appeal from the Court's December 30, 2008 order.

      Between the date plaintiff filed the instant action and the date plaintiff filed his notice of appeal, plaintiff filed a large number of motions and requests. Having read and considered plaintiff's motions and requests, the Court hereby rules on said filings as follows:

      1. On January 2, 2009, plaintiff filed a "Request for Service of Summons and Complaint on Texas Defendants by U.S. Marshal Service." As noted, plaintiff has appealed the order denying his application to proceed in forma pauperis. "The denial by a District Judge of a motion to proceed in forma pauperis is an appealable order." Roberts v.

1 United States District Court, 339 U.S. 844, 845 (1950).  "The filing of a notice of appeal

2 generally divests the district court of jurisdiction over the matters appealed."  Davis v.

3 United States, 667 F.2d 822, 824 (9th Cir. 1982).  Because a party who is granted

4 permission to proceed in forma pauperis is entitled to have the U.S. Marshal effectuate

5 service of process, see Fed. R. Civ. P. 4(c)(3), the Court lacks jurisdiction to consider the

6 request.  Accordingly, the request is hereby DENIED.  See Davis, 667 F.2d at 824.

   2.  On January 7, 2009, plaintiff filed a "Motion for Reconsideration in Forma Pauperis," by which plaintiff seeks reconsideration of the Court's December 30, 2008 order.  The motion is hereby DENIED for lack of jurisdiction.  See id.

   3.  On January 5, 2009, plaintiff filed a "Motion to Correct Record," by which plaintiff asserts the Clerk of the Court erred in determining the date on which the Clerk received plaintiff's complaint.  The motion is hereby DENIED, for the reason that plaintiff has failed to show any error on the part of the Clerk.[1]

   4.  On January 5, 2009, plaintiff filed a "Petition for Writ of Mandamus," by which he requests an order that specified defendants "speak the truth."  The petition is hereby DENIED, for the reason that plaintiff has failed to identify any duty as to which issuance of a writ of mandamus is proper.

   5.  On January 7, 2009, plaintiff filed a "Motion for Electronic Notice of Court Case Filings."  The motion is hereby DENIED, for the reason that plaintiff has failed to show service by mail of any court order is inadequate.

   6.  On various dates beginning on January 7, 2007 and ending on January 16, 2009, plaintiff filed a total of sixteen motions for judicial notice.  Each such motion is hereby DENIED, for the reason there is no pending motion as to which it is necessary or appropriate for the Court to take judicial notice of any fact.

//

---

[1] Because such motion and the remainder of the motions and requests addressed below do not present any issue implicated by plaintiff's application to proceed in forma pauperis, the Court finds it has jurisdiction to consider said motions and requests.

2

1 | Finally, it is come to the Court's attention that plaintiff is the subject of a prefiling
2 | order issued by the Western District of Texas, (see Buesgens v. Travis County, Texas,
3 | Case No. A-07-CA-427-SS, Docket # 4), which order plaintiff failed to present to the Clerk
4 | when he sought to file the instant complaint.  In light of plaintiff's having filed a notice of
5 | appeal from the Court's December 30, 2008 order, and the Court's jurisdiction over the
6 | instant case thereby having become limited in nature, the Court at this time will take no
7 | action with respect to determining whether the complaint should have been accepted for
8 | filing in the first instance.  Under such circumstances, however, the Court finds it proper to
9 | stay the instant action and to direct the Clerk not to issue any process until such time as
10 | the Court has had the opportunity to consider the above-referenced prefiling order, which
11 | the Court will do until after the Ninth Circuit has resolved plaintiff's appeal.  See Landis v.
12 | North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is
13 | incidental to the power inherent in every court to control the disposition of the causes on its
14 | docket with economy of time and effort for itself, for counsel, and for litigants.").

15 | Accordingly, the Clerk of the Court is hereby DIRECTED not to issue any process to
16 | plaintiff, pending further order of the Court.  Further, the instant action is hereby STAYED,
17 | pending final resolution of plaintiff's appeal.  The April 3, 2009 Case Management
18 | Conference is hereby VACATED.

19 | **IT IS SO ORDERED.**

21 | Dated: January 23, 2009

MAXINE M. CHESNEY
United States District Judge