IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. BUESGENS,<br><br>    Plaintiff,<br><br>  v.<br><br>BEVERLY HART, et al.,<br><br>    Defendants                             / | No. C-08-5710 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

The Court is in receipt of plaintiff's Motion for Reconsideration, filed March 6, 2009, by which plaintiff seeks reconsideration of one ruling set forth in the Court's Order of February 26, 2009.  Specifically, plaintiff seeks reconsideration of the following ruling, which the Court entered after granting plaintiff's motion to voluntarily dismiss the instant action:  "If plaintiff seeks to refile the instant complaint or any other complaint in this District, plaintiff is hereby ORDERED to submit to the Clerk of the Court, along with any proposed complaint, a copy of the pre-filing order issued June 21, 2007, by the Honorable Sam Sparks, in Buesgens v. Travis County, Texas, Case No. A-07-CA-427-SS (Western District of Texas)."  (See Order, filed February 26, 2009, at 2:6-10.)

Plaintiff asks the Court to reconsider its "pre-filing order."  This Court, however, did not and has not imposed a "pre-filing order."  Rather, as stated in the Court's February 26, 2009 order, a pre-filing order has been issued by the Western District of Texas.  Plaintiff's

1  argument that this Court should not enforce the pre-filing order issued by the Western
2  District of Texas likewise fails as a basis for reconsideration.  The law is settled that a pre-
3  filing order issued by one district court is enforceable in, and indeed must be enforced by,
4  all other district courts.  See Lapin v. Shulton, Inc., 333 F.2d 169, 172 (9th Cir. 1964)
5  (holding district court must give injunction issued by another district court "full force and
6  effect, irrespective of the reasons upon which it is based"); DeLong v. Hennessey, 912 F.2d
7  1144, 1147 (9th Cir. 1990) (characterizing, as "pre-filing injunction," court order restricting
8  litigant's ability to file complaint without first obtaining approval of court); see, e.g., Carter v.
9  United States, 733 F.2d 735, 736 (10th Cir. 1984) (holding district court is "without
10  jurisdiction to afford relief" from pre-filing order issued by another district court that
11  "imposed six restraints on [the plaintiff's] right to file lawsuits in state and federal courts
12  throughout the country").
13      Accordingly, plaintiff's motion for reconsideration is hereby DENIED.
14      **IT IS SO ORDERED.**

16  Dated:  March 13, 2009

_____
MAXINE M. CHESNEY
United States District Judge